**Albert N. LEE, Plaintiff,**

v.

**CLARK COUNTY DISTRICT ATTORNEY'S OFFICE; Stewart Bell, District Attorney, Clark County, in his official capacity, Defendants.**

No. CV–S–01–0052PMP(RJJ).

United States District Court, D. Nevada.

May 11, 2001.

Janson Stewart, Las Vegas, NV, for Bell, Stewart L. and Clark County District Attorney, defendants.

Mace Yampolsky, Las Vegas, NV, Barry C. Scheck, Peter Neufeld, Jane Siegel Greene, New York City, for Lee, Albert N., plaintiff.

## ORDER

PRO, District Judge.

This action calls for the Court to decide whether Plaintiff Albert Lee's lawsuit to release evidence in the possession of the Clerk of the Eighth Judicial District Court of the State of Nevada for DNA testing should proceed in State or Federal Court.

In 1990, Plaintiff Albert Lee was convicted of the crimes of burglary, robbery with use of a deadly weapon, two counts of sexual assault with substantial bodily harm and attempted murder with use of a deadly weapon. Lee was sentenced to four consecutive terms of life imprisonment without the possibility of parole, plus an additional eight years. Lee exhausted his State and Federal appeals and a prior Petition for Writ of Habeas Corpus filed in CV–N–93–640–HDM was denied in 1995. Lee's Petition for Writ of Certiorari to the United States Supreme Court was denied on June 24, 1996.

On October 23, 2000, Lee filed a Complaint pursuant to 42 U.S.C. § 1983 against the Clerk of the Eighth Judicial District Court, County of Clark, State of Nevada, and Clark County District Attorney's Office, seeking the release of "all biological evidence, including the vaginal smear slides, the vaginal and cervical swabs, and the complainant's blood samples collected in connection with the rape for which Plaintiff was convicted, and the transfer of such evidence to an appropriate facility for DNA testing. . . ." However, because the action was erroneously filed in the unofficial Reno division of the United States District Court for the District of

Nevada under Civil action CV–N–93–640–HDM, rather than in the unofficial Southern Division of the District of Nevada as required by Local Rule IA8–1, Plaintiff Lee voluntarily dismissed that action.

On January 16, 2001, Lee filed the instant Complaint (# 1) seeking precisely the same relief, but naming only the Clark County District Attorney's Office as a Defendant. On April 16, 2001, Lee filed a Motion to Amend his Complaint (# 9) to include the Clerk of Court of the Eighth Judicial District Court for the State of Nevada, as a necessary party Defendant inasmuch as the Clerk of Court retains possession of the biological evidence which Plaintiff Lee seeks to have subjected to DNA testing. Defendants Clark County District Attorney's Office and Stewart Bell, District Attorney, have filed an Opposition to Plaintiff's Motion to Amend Complaint, and have also filed a Motion to Dismiss (# 3) pursuant to Fed.R.Civ.P. 12(b)(6). Both Motions have been fully briefed, and arguments of counsel were heard on May 3, 2001(# 16).

Rule 11 of the District Court of the State of Nevada sets forth the procedure by which evidence in the custody of the Clerk of Court may be released, and provides in pertinent part as follows:

3. Models, diagrams and exhibits of material forming part of the evidence taken in a case may be withdrawn by order of the court in the following manner:

(a) By stipulation of the parties.

(b) By motion made after notice to the adverse party.

(c) After a judgment is final, by the party introducing the same in evidence, unless the model, diagram or exhibit is obtained from the adverse party. If any model, diagram or exhibit is withdrawn under this paragraph (c) the party or attorney who withdraws the same shall file an affidavit with the clerk to the effect that the person who withdraws it is the owner of or lawfully entitled to the possession of the model, diagram or exhibit.

Withdrawal of any model, diagram or exhibit shall be on court order on such terms and conditions as the court may impose, and a receipt therefor shall be filed with the clerk.

Nev.Dist.Ct.R. 11(3) (2001).

■ The plain language of Rule 11 requires a court order from the Eighth Judicial District Court to permit the Clerk of that Court to release evidence in its custody. Moreover, it is undisputed by the parties that the biological evidence which Plaintiff Lee wishes to subject to DNA testing is in the possession of the Clerk of the Eighth Judicial District Court and that no action has been filed for its release in the Eighth Judicial District Court pursuant to Rule 11(3)(b). Under the circumstances, this Court finds that Plaintiff's Complaint is not ripe for adjudication in this Court.

■ Although Lee is correct that under *Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), he is not required to exhaust State remedies to pursue a Section 1983 lawsuit, the issue presented here is not one of exhaustion but of ripeness. Ripeness generally requires that there be a hardship to the parties in failing to adjudicate the matter and that the issues are fit for judicial review. *Abbott Labs. v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). At this point, all that has occurred is that the Clark County District Attorney's Office has refused to stipulate to the release of evidence which is not in its possession, and the Clerk of the Eighth Judicial District Court has declined to release the evidence without first receiving an Order of the Eighth Judicial District Court requiring it to do so. It is indeed a simple matter for Plaintiff Lee to seek the relief he requests

in the State Court of Nevada which has custody of the biological evidence he seeks. There is nothing to suggest that such an effort would be futile, nor if it were unavailing, that Plaintiff Lee would have in any way waived his right to thereafter pursue the matter in United States District Court.

 Principals of federalism and comity weigh in favor of requiring that Lee first seek release of the evidence in state court. There has been no interpretation of the parameters of District Court Rule 11 by a Nevada court. Generally, when state law is uncertain and state court clarification of the law could make the federal court's constitutional ruling unnecessary it should decline to hear the matter. *Railroad Comm. of Texas v. Pullman*, 312 U.S. 496, 500, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Moreover, this Court is hesitant to intrude upon matters involving the operation and administration of Nevada's Eighth Judicial District Court when a state court remedy could be readily available. "[C]ourts of equity in the exercise of their discretionary powers should ... refus[e] to interfere with or embarrass [ ] proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent...." *Douglas v. City of Jeannette*, 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324 (1943).[1]

In sum, this is not a case about whether Plaintiff Albert Lee should have access to biological evidence for purposes of DNA testing. It is a case about where a motion for the release of such evidence should be brought, the conditions which should apply

to its release and the testing to which it is subjected. Lee presents absolutely no evidence or argument to support a finding that the State Courts of Nevada are unable to fully and fairly address Lee's request for examination of the evidence or that the State Court should not be permitted to interpret its own rules.

Finally, Lee will suffer no prejudice by pursuing the relief he requests in the State of Court of Nevada as he retains the right to thereafter pursue further relief in this Court should grounds exist to do so.

IT IS THEREFORE ORDERED that Defendants Motion to Dismiss (# 3) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Lee's Motion to Amend Complaint (# 9) is DENIED as moot.

---

[1] Lee cites to the recent decision in *Harvey v. Horan*, No. 00–1123–A, 2001 WL 419142 (E.D.Va. Apr.16, 2001), to support his claim the he is entitled to the biological evidence at issue. However, in *Harvey* no issue existed as to whether the District Attorney's Office was in possession of the biological evidence or was capable of unilaterally releasing it. Nor was there a court rule in *Harvey* providing the procedure for removal of such evidence. While this Court finds the decision in *Harvey* persuasive as to the ultimate question of whether an individual should be given access to biological evidence for the purposes of DNA testing, the present case is meaningfully distinguishable from *Harvey*.